**JAMES CABLE PARTNERS, L.P., a Delaware limited partnership doing business as Big South Fork Cablevision, Plaintiff/Counter–Defendant–Appellee/Cross–Appellant,**

v.

**The CITY OF JAMESTOWN, TENNESSEE, being represented by its Mayor, Stoney C. DUNCAN, and its Aldermen, Bob Bow, Mark Choate, Gary Huff, Harold Whited, and Donald Crockett, Defendant/Counter–Plaintiff–Appellant/Cross–Appellee.**

Nos. 93–5741, 93–5742.

United States Court of Appeals, Sixth Circuit.

Argued Aug. 4, 1994.

Decided Jan. 5, 1995.

Rehearing and Suggestion for Rehearing En Banc Denied Feb. 13, 1995.

Ernest A. Petroff (briefed), Keith C. Dennen, Baker, Worthington, Crossley, Stansberry & Woolf, Huntsville, TN, Burt A. Braverman (argued and briefed), Gary I. Resnick, Ben Golant, Cole, Raywid & Braverman, Washington, DC, for James Cable Partners, L.P.

Roy T. Englert, Jr. (argued), Mayer, Brown & Platt, Teresa D. Baer, Latham & Watkins, Washington, DC, Michael A. Walker, Jamestown, TN, for the City of Jamestown, Tenn. in No. 93–5741.

Roy T. Englert, Jr. (argued), Mayer, Brown & Platt, Teresa D. Baer, Latham & Watkins, Washington, DC, Michael A. Walker, Jamestown, TN, Tillman Lay (briefed), Miller & Holbrooke, Washington, DC, for the City of Jamestown, Tenn. in No. 93–5742.

Before: KENNEDY, RYAN, and NORRIS, Circuit Judges.

ALAN E. NORRIS, Circuit Judge.

Defendant/counter-plaintiff, the City of Jamestown, Tennessee, appeals from the district court's order enforcing plaintiff/counter-defendant, James Cable Partners' ("James Cable") exclusive franchise to provide cable television in Jamestown. The order enjoined Jamestown from taking any action that violates James Cable's exclusive franchise rights. This appeal raises the issue of whether the Cable Television Consumer Protection and Competition Act of 1992 ("1992 Cable Act" or "the Act"), Pub.L. No. 102–385, 106 Stat. 1460 (codified in scattered sections of 47 U.S.C.), which prohibits the award of exclusive franchises, also applies retroactively to prohibit the enforcement of exclusive franchises granted prior to the passage of the Act. Because we conclude that the 1992 Cable Act does not have retroactive effect, we affirm the district court's order.

## I.

The relevant facts in this case are undisputed. In 1977, Jamestown granted a twenty-five-year exclusive franchise to Fentress County Cable Television. In 1988, the franchise was assigned to James Cable pursuant to a memorandum agreement that Jamestown approved. On January 8, 1990, Jamestown granted itself a franchise to operate a cable television system. Jamestown then constructed and installed a system that parallelled or "overbuilt" the James Cable system and operated it in competition with James Cable. In January 1990, James Cable filed suit in state court for a declaratory judgment that Jamestown had breached the exclusivity provision of the franchise. Although the chancery court denied James Cable's request, the Tennessee Court of Appeals reversed and upheld the validity of the exclusive franchise. The Tennessee Supreme Court denied the city's request for review. On remand in January 1992, the chancery court enjoined Jamestown from operating its cable system.

On October 5, 1992, Congress enacted the 1992 Cable Act which, with certain exceptions not relevant here, became effective in December 1992. In November 1992, James Cable initiated this action, seeking a declaration that the 1992 Cable Act did not invalidate its exclusive franchise and that retroactive application would result in an unconstitutional taking of its property. Jamestown counterclaimed, arguing that the 1992 Cable Act invalidated all preexisting exclusive franchises. On April 7, 1993, the district court issued an order that enjoined Jamestown from competing with James Cable in a cable television system, from granting any other franchise, and from taking any other action that violates James Cable's exclusive franchise rights until 2002, when the franchise expires. *James Cable Partners v. City of Jamestown, Tennessee*, 822 F.Supp. 476, 479 (M.D. Tenn.1993). Jamestown now appeals.[1]

---

1. The district court also stated that applying the 1992 Cable Act retroactively to invalidate the exclusive franchise would not result in an unconstitutional taking. James Cable filed a protective

## II.

■ Section 7(a)(1) of the 1992 Cable Act states, "a franchising authority may not grant an exclusive franchise and may not unreasonably refuse to award an additional competitive franchise." 1992 Cable Act, § 7(a)(1), 106 Stat. at 1483 (codified at 47 U.S.C. § 541(a)(1) (Supp. V 1993)). Jamestown argues that the exclusive franchise it awarded James Cable is now invalid because section 7(a) prohibits the enforcement of any exclusive franchises granted prior to the enactment of the 1992 Cable Act. We disagree because we conclude that section 7(a) operates only prospectively.

■ The law does not favor retroactivity. *Bowen v. Georgetown Univ. Hosp.,* 488 U.S. 204, 208, 109 S.Ct. 468, 471, 102 L.Ed.2d 493 (1988). For this reason, the Supreme Court has long recognized that "congressional enactments and administrative rules will not be construed to have retroactive effect unless their language requires this result." *Id.; accord Union Pac. R.R. Co. v. Laramie Stock Yards Co.,* 231 U.S. 190, 199, 34 S.Ct. 101, 102, 58 L.Ed. 179 (1913) (citations omitted) ("retrospective operation will not be given to a statute ... unless such be the 'unequivocal and inflexible import of [its] terms, and the manifest intention of the legislature.' "). The Court recently reiterated, "the presumption against retroactive legislation is deeply rooted in our jurisprudence, and embodies a legal doctrine centuries older than our Republic." *Landgraf v. USI Film Prod.,* — U.S. —, —, 114 S.Ct. 1483, 1497, 128 L.Ed.2d 229 (1994) (citing *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 842–44, 855–56, 110 S.Ct. 1570, 1579–81, 1586–87, 108 L.Ed.2d 842 (1990) (Scalia, J., concurring)).

In *Landgraf,* the Court had to decide if certain provisions of the Civil Rights Act of 1991 applied retroactively. The provisions in question were silent on the issue, but the petitioner asked the Court to infer retroactivity from language in several other sections. Section 402(a) of the 1991 Civil Rights Act states, "[e]xcept as otherwise specifically provided, this Act and the amendments made

by this Act shall take effect upon enactment." *Landgraf,* — U.S. at —, 114 S.Ct. at 1493. Two other sections explicitly state that they do not apply retroactively. *Id.* The petitioner argued that, with the exception of those two sections, the statute applies to pending cases that arose before enactment. *Id.* at — – —, 114 S.Ct. at 1493–94. The Court rejected this argument, concluding that "petitioner's statutory argument would require us to assume that Congress chose a surprisingly indirect route to convey an important and easily expressed message concerning the Act's effect." *Id.* at —, 114 S.Ct. at 1495.

In reviewing its precedent on retroactivity, the Court pointed out that it has traditionally refused to give retroactive effect to a statute unless " 'strong, and imperative' language ... 'so clear and positive as to leave no room [for] doubt' ... 'requires this result.' " *Id.* at — – —, 114 S.Ct. at 1499–1500 (citations omitted). The Court found no such "clear evidence of congressional intent" in the Civil Rights Act of 1991, and thus refused to apply it retroactively. *Id.* at —, 114 S.Ct. at 1508.

The 1992 Cable Act similarly lacks "strong and imperative language" which requires retroactive application. Jamestown bases its argument on section 7(a), which prohibits a franchising authority from granting an exclusive franchise or "unreasonably refus[ing] to award an additional competitive franchise." 1992 Cable Act, § 7(a)(1), 106 Stat. at 1483 (codified at 47 U.S.C. § 541(a)(1)). While this section is written prospectively, Jamestown contends that it applies retroactively. It relies on *Cox Cable Communications, Inc. v. United States,* 992 F.2d 1178 (11th Cir. 1993), in which the Eleventh Circuit concluded, "[g]iven that the award of exclusive franchises is prohibited by the first clause [of section 7(a)] of the Act, we believe that refusal to award an additional franchise solely because of the existence of an exclusive franchise with another party would be an 'unreasonable refusal' under the Act." *Id.* at 1181.

cross-appeal from this *dicta.* Because we affirm the district court's order, we do not reach the

Takings Clause issue and express no opinion on it.

We respectfully disagree with *Cox Cable*, which the Eleventh Circuit decided prior to the Supreme Court's opinion in *Landgraf.* In *Landgraf,* the Court rejected the idea that retroactive application can be inferred from indirect and ambiguous language. *Landgraf,* —— U.S. at ——, 114 S.Ct. at 1495. Nothing in the language of section 7(a) compels retroactive application. Indeed, if the Act is not retroactive, the existence of an exclusive franchise is an eminently "reasonable" ground to refuse to award an additional franchise. Thus, Jamestown's argument is only persuasive if we presume retroactive application—in direct contravention of the longstanding presumption against retroactivity which the Supreme Court reaffirmed in *Landgraf.* If Congress wished section 7(a) to invalidate preexisting exclusive franchise rights, it could easily have said so.

Jamestown also relies on section 7(c) which provides as follows:

> No provision of this Act shall be construed to—
>
> (1) prohibit a local or municipal authority that is also, or is affiliated with, a franchising authority from operating as a multichannel video programming distributor in the franchise area, notwithstanding the granting of one or more franchises by such franchising authority.

1992 Cable Act, § 7(c), 106 Stat. at 1483–84 (codified at 47 U.S.C. § 541(f)).

Jamestown argues that if section 7(a) is interpreted to allow the continued validity of preexisting exclusive franchises, it becomes a provision of the Act that prohibits a franchising authority from operating its own system and thus directly contradicts section 7(c). This argument is unpersuasive. Even if section 7(a) did not exist, Jamestown could not operate a cable system. It is the exclusive franchise that Jamestown previously granted James Cable that prohibits Jamestown from providing cable service, not any provision of the Act.

The statutory language is simply not clear enough to allow the conclusion that Congress intended retroactive application. If Congress had decided that some policy consideration justified the invalidation of existing contracts and the disruption of the parties' settled expectations, it would have stated its intent more clearly. *See Landgraf,* —— U.S. at ——, 114 S.Ct. at 1500 ("[t]he largest category of cases in which we have applied the presumption against statutory retroactivity has involved new provisions affecting contractual or property rights, matters in which predictability and stability are of prime importance.").

Jamestown places great weight on the report of the congressional conference committee which states, "exclusive franchises are directly contrary to federal policy and to the purposes of the [the 1992 Cable Act], which is intended to promote the development of competition." H.R. Conf. Rep. No. 862, 102d Cong., 2d Sess. 77 (1992), *reprinted in* 1992 U.S.C.C.A.N. pp. 1133, 1231, 1259. It argues that retroactive application is necessary to fully achieve this congressional purpose. This contention has little merit in light of *Landgraf,* where the Supreme Court rejected a nearly identical argument. According to the Court:

> It will frequently be true ... that retroactive application of a new statute would vindicate its purpose more fully. That consideration, however, is not sufficient to rebut the presumption against retroactivity. Statutes are seldom crafted to pursue a single goal, and compromises necessary to their enactment may require adopting means other than those that would most effectively pursue the main goal.

*Landgraf,* —— U.S. at —— – ——, 114 S.Ct. at 1507–08. In accordance with *Landgraf,* we reject the idea that furthering the purpose of a statute can be a valid reason to apply it retroactively. Since retroactive application would increase the effectiveness of most statutes, accepting Jamestown's argument would turn the traditional presumption on its head.

Finally, Jamestown attempts to avoid the weakness of its retroactivity argument by contending that this case is about preemption, not retroactivity. It relies on the preemption provision of the Cable Communications Policy Act of 1984 which provides, "any provision of any franchise granted by [a fran-

chising] authority which is inconsistent with this chapter shall be deemed to be preempted and superseded." 47 U.S.C. § 556(c) (1988).[2]

Jamestown is, of course, correct that a federal statute would supersede a conflicting local ordinance. *See, e.g., Wisconsin Pub. Intervenor v. Mortier,* 501 U.S. 597, 605, 111 S.Ct. 2476, 2481–82, 115 L.Ed.2d 532 (1991). Preemption requires a conflict, however. Jamestown attempts to supply one here by asserting that the exclusivity provision in James Cable's franchise conflicts with section 7(a) of the 1992 Cable Act which prohibits exclusive franchises. This argument is without merit. Section 7(a) prohibits only the granting of exclusive contracts, not the enforcement of ones granted previous to its enactment. Thus, there is no conflict unless section 7(a) applies retroactively, which we have concluded it does not.

### III.

For the foregoing reasons, the district court's order enforcing James Cable's exclusive franchise rights is **affirmed.**

**2.** The 1992 Cable Act, which amended the Cable Communications Policy Act of 1984, did not affect the preemption provision.